# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CHAD COOK, individually,

          Plaintiff,

vs.

TASER INTERNATIONAL, INC., et al.,

          Defendants.

Case No. 2:04-cv-01325-PMP-GWF

**ORDER**

## DISCUSSION

This matter is before the Court on Plaintiff's Motion to Compel Discovery Pursuant to FRCP 37(a) and LR 26-7 (#23), filed on February 16, 2006; Defendant's Opposition to Motion to Compel (#42), filed on April 14, 2006; Defendant's Supplement to its Opposition to Motion to Compel (#43), filed on April 18, 2006; Plaintiff's Reply in Support of Plaintiff's Motion to Compel Discovery (#48), filed on May 9, 2006; and Defendant's Supplementary Status Report (#51), filed on May 24, 2006.

The Court conducted a hearing in this matter on April 18, 2006 and entered its Order (#45) on April 24, 2006 which partially granted Plaintiff's Motion to Compel Discovery (#23) by ordering Defendant to produce the documents it previously agreed to produce and to complete that production on or before May 22, 2006. The Court also ordered Defendant to serve and file an amended privilege log regarding the spreadsheet documents it claims are protected from disclosure under the attorney-client privilege or the attorney work-product doctrine. The Court's Order also granted Plaintiff additional time to file a reply in support of its Motion, including providing the Court with copies of the

formal requests for production previously served by Plaintiff. The Court further stated that the Court would not award sanctions/fees "at this time" and scheduled a further hearing in this matter for May 25, 2006. As indicated above, Plaintiff filed his Reply (#48) on May 9, 2006 and the Defendant filed its Supplementary Status Report (#51) in advance of the hearing on May 24, 2006.

**1.   Production of Documents Previously Ordered Produced.**

As set forth in Defendant's Supplementary Status Report (#51), and as counsel for both parties confirmed at the May 25th hearing, since entry of the Court's prior order (#45) on April 24, 2006, the parties have worked in a cooperative manner regarding the production of the voluminous documents that the Court ordered be produced by May 22, 2006. Although not all of the documents have been produced, it appears that the parties and their counsel are diligently working toward that end and no further order regarding production of those documents is required at this time. On May 17, 2006, the Court granted the parties' stipulation and order to extend the discovery cut-off date through November 3, 2006, and the parties have sufficient time in which to complete the remaining production of documents and complete other discovery.

**2.   Attorney-Client Privilege and Work-Product Documents**

In compliance with the Court's prior order (#45), Defendant also served and filed its amended privilege logs regarding the spreadsheet documents to which it claims attorney-client privilege or work-product doctrine immunity from disclosure. With the exception of two potential issues, Plaintiff does not dispute Defendant's assertion of privilege or work-product immunity regarding these documents. The potential issues raised by Plaintiff regarding Defendant's assertion of attorney-client privilege or work-product doctrine immunity are as follows:

In his Reply, Plaintiff argues that because Defendant claims that all of its charts or documents regarding the human volunteer exposure data are either privileged or have been produced, it should be foreclosed from offering "any kind of chart, spreadsheet, or exhibit at trial until it satisfies this Court that the exhibit is not the same as its privileged documents." *Reply (#48)*, page 8. Plaintiff also argues that Defendant should be foreclosed from asserting at trial that it created any documents, other than those produced to Plaintiff, that analyze "the human volunteer exposure for any safety or other concerns raised by the use of the M26 Advanced Taser." *Id.* By this latter statement, the Court

understands Plaintiff to argue that Defendant's witnesses should not be allowed to testify at trial that their testimony is based on allegedly privileged spreadsheets or data compilations that have not been disclosed or produced to Plaintiff and which Plaintiff would therefore have no ability to cross-examine the witnesses about.

In its Supplementary Status Report, Defendant responds to the foregoing statement by Plaintiff as follows:

> In his reply brief, Plaintiff asks the Court to order that if the spreadsheets are not produced that TASER not be allowed to utilize the spreadsheets in defense of this action. TASER has no objection to Plaintiff's request, which is reasonable. *Supplementary Status Report (#51),* page 3.

At the May 25, 2006 hearing, Defendant's counsel indicated that any summaries of evidence that Defendant prepares for use at trial would not be based on the privileged documents. The Court can foresee that if Defendant identifies in its pretrial disclosures under Fed.R.Civ.Pro. 26 (a)(3) exhibits, including summaries of other evidence, which resemble in form or content the spreadsheets or data compilations that it claims are protected from disclosure, that an issue will arise as to the use or introduction of such exhibits at trial. In view of the foregoing statement in Defendant's Supplementary Status Report, Defendant should tread cautiously in designating or attempting to use such exhibits if it does not produce the privileged documents.

The second issue regarding the privileged documents raised by Plaintiff's counsel during the May 25, 2006 hearing is that one of the amended privilege log entries indicates that the privileged documents have been disclosed to an employee in Defendant's sales department. Plaintiff's counsel suggests that this entry may indicate that the allegedly privileged document(s) was disclosed to and/or for use by employees of Defendant outside the scope of the attorney-client privilege or work-product immunity which would constitute a waiver of the privilege or immunity claimed by Defendant. Defendant's amended privilege logs, affidavits and other representations in support of its attorney-client privilege and work-product immunity assertions constitute a *prima facie* showing of privilege. *Diamond State Insurance Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 698 (D.Nev. 1994), citing *In re Grand Jury Investigation*, 974 F.2d, 1068, 1070 (9th Cir. 1992). As the term *prima facie* indicates, once a satisfactory showing of privilege has been made, the burden of overcoming the assertion of

privilege shifts to the party seeking disclosure to demonstrate that the privilege does not apply or has been waived.  Plaintiff, therefore, is not foreclosed from conducting further discovery to determine whether the attorney-client privilege and work-product immunity applies or has been waived.  As discussed at the hearing, this issue may potentially be resolved to Plaintiff's satisfaction, without the necessity of deposition(s), by Defendant providing a supplemental explanation regarding the sales employee's involvement with the privilege documents.  Based on the present record, however, the Court makes no finding that Defendant's assertion of privilege or immunity does not apply or has been waived.

**3.     Plaintiff's Request for An Award of Attorney's Fees and Costs Relating to Its Motion to Compel.**

In its Reply and at the hearing on May 25, 2006, Plaintiff renewed his request for an award of attorney's fees and costs on the Motion to Compel.

Fed.R.Civ.Pro. 37(a)(4) provides that if a motion to compel is granted or if the disclosure or requested discovery is provided only after the motion was filed, then the court is required to award the movant his reasonable expenses, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the discovery without court action, or the opposing party's objections were substantially justified, or other circumstances make an award of fees unjust.  Consistent with the provisions of the rule, the court in *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 170 (D. Nev. 1996), held that the moving party was not entitled to an award of fees and expenses where it failed to demonstrate that it had complied with its obligations to make a meaningful effort to meet and confer with the opposing party prior to filing the motion.

Unlike *Shuffle Master,* the facts in this case are not clear-cut as to whether or not Plaintiff satisfied the meet and confer obligations prior to filing his motion.  As evidenced by the exhibits attached to his Reply, Plaintiff served requests for production on Defendant in February, 2005 to which Defendant responded in April, 2005.  Plaintiff served a second set of requests in May 2005 to which Defendant responded in August 2005.  On August 25, 2005, Plaintiff deposed Defendant's chief executive officer.  During that deposition, there was additional discussion between counsel regarding

Plaintiff's request for documents, including allegedly confidential documents and spreadsheets, one of which was later produced and others as to which Defendant asserts privilege. During that deposition, Defendant agreed to produce additional documents subject to a protective order. On or about September 21, 2005, Plaintiff's counsel forwarded a proposed protective order to Defendant's counsel. Defendant's counsel did not respond regarding the protective order and there was no follow-up by Plaintiff's counsel's office until late January 2006.

The follow-up communications between Plaintiff and Defendant in January, 2006, however, were not directly between the attorneys, themselves, but rather involved an exchange of phone calls between their respective paralegals. Although Plaintiff's counsel states that his paralegal attempted to obtain a response to the protective order and production of the documents, Defendant's former counsel and her paralegal stated in their affidavits that these phone calls related to information received by Plaintiff's counsel that Defendant had or was retaining new counsel. Defendant's former counsel and paralegal deny that Plaintiff's paralegal requested or inquired about further production of documents or approval of the protective order.

Apparently believing that his paralegal had made unsuccessful efforts to obtain the documents that Defendant previously agreed to produce, Plaintiff's counsel faxed a letter to Defendant's former counsel on January 31, 2006 memorializing his paralegal's efforts to obtain the documents. According to Defendant's former counsel, however, this letter was sent to the wrong fax number and was never received by her. Prior to filing his motion, Plaintiff's counsel did not make any further phone calls to Defendant's former or new counsel in an attempt to resolve the dispute without court action. Both Defendant's former and present counsel state that they first became aware of Plaintiff's counsel's efforts to compel production when they received the subject Motion to Compel. Plaintiff's counsel acknowledges that since the motion to compel was filed, Defendant's present counsel has acted reasonably and exercised diligence in producing documents, communicating with him and in responding to other discovery issues. *Shuffle Master* states that the meet and confer requirements generally require that counsel personally consult, either through a telephonic or face-to-face conference in an effort to resolve discovery disputes. Arguably, efforts to obtain compliance with discovery requests can be delegated to paralegal staff. Prior to filing a motion to compel, however, it

is better practice, if not a requirement of the rule, that the attorney for the party seeking discovery personally attempt to confer with opposing counsel in an effort to resolve the dispute or obtain compliance. Delegating this responsibility to paralegal staff is likely to result in the type of uncertainty or confusion evident in this case.

The Court would be more inclined to award Plaintiff his expenses, at least for being required to file the motion, if it was satisfied that Defendant's former counsel and/or present counsel had received Plaintiff's January 31, 2006 letter or if Plaintiff's counsel had personally followed up with a phone call after that letter was sent. Plaintiff's counsel has not rebutted the credible information presented by Defendant's former and present counsel, however, that his letter was never received because of the incorrect fax-telephone number.

In weighing this matter, the Court also takes in consideration Defendant's diligent conduct in responding to Plaintiff's discovery requests after the motion was filed. While these actions would not be a defense to an award of expenses under Rule 37 if Plaintiff clearly had complied with the meet and confer requirements prior to filing his motion, given the ambiguous record in this case, the Court will not grant Plaintiff's request for attorney's fees and costs in this matter. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Discovery Pursuant to FRCP 37(a) and LR 26-7 (#23) is **Granted**, in part, and **Denied** as follows:

1. It appears that Defendants are in the process of complying with the production of documents as directed by the Court in its order (#45) entered on April 24, 2006 and that no further order regarding production of those documents is required at this time.

2. Plaintiff's motion is denied as to production of the spreadsheets and other documents to which Plaintiff objects based on its assertion of the attorney-client privilege or work-product doctrine. As set forth in this order, Defendant has made a *prima facie* showing that the privilege and/or immunity applies to these documents. Plaintiff is not precluded, however, from pursuing further discovery to overcome Defendant's assertion of the attorney-client privilege or work-product doctrine.

3. Defendant shall be barred from offering any of the documents which it has withheld as attorney-client privileged or protected work-product documents as exhibits at trial, and Defendant shall be further barred from introducing other substantially similar exhibits which are prepared based

1 on the privileged documents.  Defendant shall also be barred from asserting at trial that it created any
2 documents, other than those produced to Plaintiff, that analyze the human volunteer exposure for any
3 safety or other concerns raised by the use of the M26 Advanced Taser.

4.     Plaintiff's request for an award of fees and costs in filing its motion is denied.

DATED this 26th day of May, 2006.

_____
GEORGE FOLEY, JR.
U.S. MAGISTRATE JUDGE